IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 28 2012
CLERK, U.S. DISTRICT COURT
By_____
          Deputy

| | |
|---|---|
| DEATRIA NORFLEET, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § NO. 4:12-CV-629-A |
| | § |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS TRUSTEE, POOLING AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2006 MORTGAGE MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2006-RP2, ET AL., | § § § § § § § § |
| | § |
| Defendants. | § |

### MEMORANDUM OPINION
### and
### ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

### I.

### Background

Plaintiff, Deatria Norfleet, initiated this action by the filing of her original petition in the District Court of Tarrant County, Texas, 153rd Judicial District, naming as defendants The Bank of New York Mellon Trust Company, N.A. as Trustee, Pooling

and Servicing Agreement Dated as of April 1, 2006 Mortgage Asset-Backed Pass-Through Certificates Series 2006-RP2 ("Bank of New York"), Ocwen Loan Servicing, L.L.C. ("Ocwen"), and Reyes & Associates, P.C. ("Reyes"). By notice of removal filed September 10, 2012, defendants removed the action to this court, alleging that this court had subject matter jurisdiction by reason of diversity of citizenship, as contemplated by 28 U.S.C. § 1332, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by § 1332(a).

In the notice of removal defendants made only the following conclusory allegation concerning the amount in controversy:

> 8. Plaintiff[] seek[s] an amount in controversy in excess of $75,000. Although Plaintiff makes no specified monetary demand, the Tarrant County Appraisal District has valued the property at $259,500 in 2012. (Exhibit A) Thus, the amount of controversy in this action is at least $259,500.

Notice of Removal at 3. Because of a concern that defendants had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the court on September 15, 2012, ordered defendants to file an amended notice of removal, together with supporting documentation, showing that the amount in controversy exceeds the

2

jurisdictional amount. Defendants timely complied with the court's order.

## II.

### Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[1] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

---

[1] The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:
[A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction,</u> may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. See Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 640 n.4 (5th Cir. 2003).

III.

### The True Nature of Plaintiff's Claims

The petition by which plaintiff initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiff makes vague, general, and obviously legally baseless allegations in an attempt to frustrate

4

the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiff's claims. Having done so, and having considered the arguments made by defendants in the amended notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

In the case at bar, plaintiff contended that in conjunction with her purchase of the property at issue she executed a promissory note, secured by a deed of trust, in favor of Weyerhaeuser Mortgage Company ("Weyerhaeuser"). Over the years various assignments of the deed of trust were made and filed with the Tarrant County Clerk. Most recently, Bank of New York and Ocwen noticed a foreclosure/trustee sale of plaintiff's property, and Reyes, through its agents, was appointed substitute trustee to conduct the sale. However, the petition contends that the property records of Tarrant County show no transfer or assignment away from Weyerhaeuser, reflecting a break in the chain of title.

Despite the problems with the chain of title, plaintiff contends the true party in interest in plaintiff's note and deed of trust is "Mortgage Asset-Backed Pass-Through Certificates, Series 2006-RP2." Notice of Removal, Ex. 9, Pl.'s Original Pet., at 4. However, plaintiff alleges that for various reasons Bank of New York did not timely acquire plaintiff's note and deed of trust. As a consequence, Bank of New York and Ocwen acquired no right to foreclose on plaintiff's property. Nor was Reyes appointed substitute trustee and thus had no right to conduct a foreclosure sale. The end result of plaintiff's allegations is that, according to plaintiff, there is a fatal defect in the foreclosure proceedings initiated by defendants.

In the amended notice of removal defendants contend that the amount in controversy is satisfied by two forms of relief alleged in the petition. First, plaintiff seeks a declaration that defendants lack any right or interest in the note, deed of trust, or subject property that would permit them to foreclose on and sell plaintiff's property, thus depriving defendants of selling a property valued at $259,500. Second, plaintiff seeks to quiet title in the property and asks the court to award her full title to the property, which would also deprive defendants of their

interest in the property valued at $259,500. Such action by the court would also deprive defendants of their right to collect past, present and future payment, including the unpaid principal balance of $378,502.26.

The result of plaintiff's demands, according to defendants, would be a deprivation of their rights to plaintiff's property, so the minimum amount in controversy would be $259,500, well above the jurisdictional minimum. Defendants provided the court no authority supporting these contentions as to the amount in controversy.

Although plaintiff alleged that defendants have no legal interest in, or right to, her property, and she seeks declarations to that effect, nothing in the petition could lead to the conclusion that plaintiff is the holder of the original note, or that plaintiff would be entitled to enjoin foreclosure and eviction by whoever holds the original note, or that plaintiff is entitled to outright title to the property as she seeks in her prayer for relief.

As the court has explained more fully in other cases of a similar nature, determining the amount in controversy in a case where a plaintiff seeks to enjoin foreclosure of real property is

not so simple as looking to the value of the property at issue. Nor have defendants provided authority that the amount in controversy is the value of their purported rights to the property, of which they contend plaintiff is attempting to deprive them. Rather, the proper measure of the amount in controversy would appear to be the value to the plaintiff of the requested relief. Garcia, 351 F.3d at 640 n.4. Even if the court were to prohibit further attempts by defendants to foreclose on the property as plaintiff requests, plaintiff would still be subject to the terms of the note and deed of trust. No other information has been provided to the court that would enable the court to place a value on the interest plaintiff seeks to protect by this action.

Thus, defendants have not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED September 28, 2012.

JOHN McBRYDE
United States District Judge